J-A29042-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| DAVALIN CHARLES BENNETT | : | |
| Appellant | : | No. 707 WDA 2025 |

Appeal from the PCRA Order Entered March 27, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0001402-1998

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| DAVALIN CHARLES BENNETT | : | |
| Appellant | : | No. 934 WDA 2025 |

Appeal from the PCRA Order Entered March 27, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0001759-1998

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| DAVALIN CHARLES BENNETT | : | |
| Appellant | : | No. 935 WDA 2025 |

Appeal from the PCRA Order Entered March 27, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0001761-1998

BEFORE: OLSON, J., DUBOW, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED: March 17, 2026**

In these consolidated appeals,[1] Davalin Charles Bennett (hereafter, "Appellant") appeals from the denial of his serial petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9545. Appellant claims that the PCRA court erred in dismissing his petition as untimely because he raised an illegal sentencing claim that cannot be waived and because he has supplied newly-discovered facts which satisfy the timeliness exception provided in 42 Pa.C.S. § 9545(b)(1)(ii). After careful review, we affirm the order denying PCRA relief.

The facts underlying this case were set forth by a prior panel of this Court during the evaluation of Appellant's fifth PCRA petition, as follows:

> After a jury convicted Bennett of first-degree murder and firearm violations,[1] the trial court sentenced him, in 1999, to an aggregate term of life imprisonment plus a consecutive seven to 14 years' incarceration. Thereafter, Bennett's direct appeal counsel filed a timely direct appeal but failed to file a Pa.R.A.P. 1925(b) statement. Accordingly, on December 20, 2000, this Court affirmed Bennett's judgments of sentence, finding his issues waived. Bennett did not file a petition for allowance of appeal to our Supreme Court. However, direct appeal counsel did send Bennett a letter in April 2001, advising him to file a PCRA petition to request the reinstatement of his direct appeal rights. Nonetheless, Bennett waited over 10 years before filing his first untimely PCRA petition in July 2011. Appointed counsel filed a **Turner/Finley**[2] letter, and the PCRA court dismissed Bennett's petition and granted counsel's petition to withdraw. This Court affirmed the PCRA court's decision [**Commonwealth v. Bennett,** 1070 WDA 2012, 2013 WL 11276221 (Pa. Super. filed March 21,

---

[1] The Superior Court *sua sponte* consolidated Appellant's three appeals in accordance with Pa.R.A.P. 513. Order, 8/14/25.

2013 (unpublished memorandum)] and our Supreme Court denied allowance of appeal [on September 17, 2013].

[1.] 18 Pa.C.S. §§ 2502(a) and 6106, respectively.

[2.] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

*Commonwealth v. Bennett*, 1295 WDA 2020, 2021 WL 3163080, *1 (Pa. Super. filed July 27, 2021) (unpublished memorandum).

After the denial of his initial PCRA petition, Appellant filed additional, unsuccessful, PCRA petitions in 2014, 2016, 2017, 2020, and 2022. Appellant also filed a *habeas corpus* petition in federal court pursuant to 28 U.S.C. § 2254, which was dismissed on June 6, 2019.

In connection to the instant appeal, Appellant filed a motion to modify his sentence at all three dockets on November 27, 2023, and multiple amended PCRA petitions. Pursuant to Pa.R.Crim.P. 907, the PCRA court filed a notice of intent to dismiss Appellant's amended PCRA petition on February 28, 2025. In response, Appellant filed a document entitled "Appellant's Supplemental Claims In Support Of PCRA Timeliness Requirements And Motion For Discovery Pursuant To Pa.R.Crim.P. 907" on March 18, 2025. The PCRA court dismissed Appellant's PCRA petition on March 27, 2025.

Appellant filed a notice of appeal from this disposition which was docketed on June 16, 2025. However, because Appellant filed an appeal which purported to encompass three distinct docket numbers, we issued an Order under *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018), directing him

to file three amended notices of appeal. Order, July 18, 2025. Appellant complied with this order.

Because it impacts our jurisdiction, we first review whether Appellant's notices of appeal were timely filed. *See Commonwealth v. Capaldi*, 112 A.3d 1242, 1244 (Pa. Super. 2015) (stating that this Court has no jurisdiction to consider an untimely appeal). A timely notice of appeal must be filed within 30 days of the entry of the order being reviewed. Pa.R.A.P. 903(a) ("Except as otherwise prescribed by this rule, the notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken."). As Appellant's notice of appeal was docketed more than thirty days after the March 27, 2025 orders dismissing his petition, his notices of appeal are untimely.

Because Appellant is incarcerated, however, we must consider Rule 121(f):

### Rule 121. Filing and Service

\*\*\*

**(f) Date of filing for incarcerated persons.**--A *pro se* filing submitted by a person incarcerated in a correctional facility is deemed filed as of the date of the prison postmark or the date the filing was delivered to the prison authorities for purposes of mailing as documented by a properly executed prisoner cash slip or other reasonably verifiable evidence.

Pa.R.A.P. 121(f); *see also Commonwealth v. Jones*, 700 A.2d 423 (Pa. 1997) (*pro se* prisoners' appeals are deemed filed as of the date that they deliver the documents to prison authorities for mailing). As for what may be considered "reasonably verifiable evidence" of timely mailing, our Court has

- 4 -

stated that such could include "a cash slip, certificate of mailing, certified mail form or affidavit of date of deposit with prison authorities." ***Commonwealth v. Craig***, 203 WDA 2019, 2020 WL 416396, *3 (Pa. Super. filed January 27, 2020) (unpublished memorandum).[2]

We conclude that the certified record reasonably establishes that Appellant submitted his notices of appeal to prison authorities on April 24, 2025, and are therefore timely. The record includes a copy of a cash slip from his correctional institution, dated April 24, 2025, asking prison authorities to deduct from his inmate account the amount needed for postage.[3] Thus, pursuant to the prisoner mailbox rule, Appellant's notice of appeal is deemed to be filed on April 24, 2025. As this is within 30 days of the denial of his PCRA petition, Appellant's appeal is timely filed.[4]

---

[2] Non-precedential decisions from the Superior Court filed after May 1, 2019, may be cited for their persuasive value. Pa.R.A.P. 126(b).

[3] We also note, as referenced in the Commonwealth's brief, that Appellant mailed a letter to the Department of Court Records, dated June 3, 2025, in which he stated that he submitted his notice of appeal on April 24, 2025. Appellant asked about the status of his filing. Appellant also attached the cash slip referenced above to the June 3, 2025 letter.

[4] Even if Appellant's appeal had not been timely filed under the prisoner mailbox rule, we would deem it timely because the trial court's docket failed to indicate that Appellant, at all times *pro se* during the litigation of this petition, was served with the March 27, 2025 order dismissing his PCRA petition, which is required under our Rules of Criminal Procedure. ***See*** Pa.R.Crim.P. 114(B)(1) ("A copy of any order or court notice promptly shall be served on each party's attorney, or the party if unrepresented."). Moreover, Rule 114(C) provides that trial court docket entries shall contain, *(Footnote Continued Next Page)*

We note that the trial court did not order Appellant to file a statement of matters complained of on appeal following his filing of his notice of appeal. Nonetheless, the trial court issued an opinion on June 30, 2025, explaining why it had denied Appellant's claims. Appellant filed a belated statement of errors on August 25, 2025. In his brief to this Court, Appellant identifies three issues for review, including a sub-issue, which we set forth verbatim:

> I. Did the lower court err when it improperly dismissed [Appellant's] illegal sentence claim under 42 Pa. C.S. § 5505 treating it as a 42 Pa.C.S. § 9541 *et. seq.,* determining it as having no merit/untimely?
>
> II. Did the lower court err when it denied [Appellant] relief under 42 Pa.C.S. § 9545(b)(1)(ii) "newly discovered facts" because [Appellant's] forensic pathologist committed fraud upon the court by stating that there was powder stipling found on the bullet wounds on of murder victim Ronald Minnefield?
>
>> A. Did the lower court err by not acknowledging [Appellant's] "newly discovered fact" claim after counsel for forensic pathologist filed a motion "to expunge criminal record nunc pro tunc" violating Pa.R.Prof.Conduct[?]
>
> III. Did the lower court err and abuse its discretion by dismissing [Appellant's] PCRA petition and supplemental claims of **Napue** and **Brady** violations for the prosecutions failure to comply with discovery and inspection rule under Pa.R.Crim.P. #573 including failure to correct false testimony by detective Thomas Foley?

---

*inter alia,* the date of service of the order or court notice. Pa.R.Crim.P. 114(C)(2)(c). We have held that,

> [w]here the trial court docket in a criminal case does not indicate service on a party or the date of service, we will not quash the appeal or require further proceedings. Rather, we will treat the time in which to take an appeal as never having started to run and treat the appeal as timely.

**Commonwealth v. Midgley**, 289 A.3d 1111, 1117 (Pa. Super. 2023).

Appellant's Brief at 2-3 (unnecessary answers omitted).

"We review the denial of PCRA relief by examining whether the PCRA court's conclusions are supported by the record and free from legal error." ***Commonwealth v. Johnson***, 289 A.3d 959, 979 (Pa. 2023) (citation omitted). In conducting our review,

> we consider the record in the light most favorable to the prevailing party at the PCRA level. This review is limited to the evidence of record and the factual findings of the PCRA court. We afford great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. Accordingly, as long as the PCRA court's ruling is free of legal error and is supported by record evidence, we will not disturb its ruling. Nonetheless, where the issue pertains to a question of law, our standard of review is de novo and our scope of review is plenary.

***Commonwealth v. Pointer***, ___ A.3d ___, 2025 WL 3456222, at *8 (Pa. Super. filed Dec. 2, 2025).

Before we consider the merits of the multiple claims raised in Appellant's current filings, however, we must determine if the instant petition was timely filed such that the PCRA court had jurisdiction and the appeal is properly before us for review.

> The timeliness of a PCRA petition is a jurisdictional requisite. The PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of the petition. In other words, Pennsylvania law makes clear **no court** has jurisdiction to hear an untimely PCRA petition. The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Further:

> The PCRA provides the sole means for obtaining collateral review of a judgment of sentence. [A] court may entertain a challenge to the legality of the sentence so long as the court has jurisdiction to hear the claim. In the PCRA context, jurisdiction is tied to the filing of a timely PCRA petition. ***Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto. Thus, a collateral claim regarding the legality of a sentence can be lost for failure to raise it in a timely manner under the PCRA.***
>
> ***Commonwealth v. Infante***, 63 A.3d 358, 365 (Pa. Super. 2013) (internal citations omitted).

***Commonwealth v. Ballance***, 203 A.3d 1027, 1031 (Pa. Super. 2019) (cleaned up) (emphasis added).

In Appellant's first issue, he asserts that the PCRA court erred by denying his claim that he was illegally sentenced because the trial court did not order a pre-sentence investigative report ("PSI"). Appellant asserts that the trial court had jurisdiction to address that claim under the following statute:

**§ 5505. Modification of orders**

Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

42 Pa.C.S. § 5505.[5]

---

[5] Arguably, the fact that Appellant filed a direct appeal from his judgment of sentence, even though the issue was not considered due to waiver, means that Section 5505, by its plain language, does not apply.

"Because section 5505 does not directly prohibit a court from correcting an order after the deadline, our courts have recognized a limited equitable exception to the statute that permits a trial court to correct obvious illegalities in its sentences that are not discovered within the 30–day statutory period." ***Commonwealth v. Jackson***, 30 A.3d 516, 522 (Pa. Super. 2011). However, even if the error is obviously illegal, "when the one-year filing deadline of section 9545 has expired, and no statutory exception has been pled or proven, a PCRA court cannot invoke inherent jurisdiction to correct orders, judgments and decrees, even if the error is patent and obvious." ***Id.*** at 523.

In any event, Appellant's challenge to the lack of a PSI report before sentencing does not implicate the legality of his sentence nor involve a patent and obvious illegality. ***See Commonwealth v. Carrillo-Diaz***, 64 A.3d 722, 725 (Pa. Super. 2013) ("This issue [about the lack of a PSI] presents a challenge to the discretionary aspects of Appellant's sentence."). Thus, having concluded that Appellant's claims were properly treated as arising under the PCRA and not 42 Pa.C.S. § 5505, we must determine whether the petition is timely filed. ***Ballance***, 203 A.3d at 1031 ("The timeliness of a PCRA petition is a jurisdictional requisite.").

Appellant was sentenced in 1999, and the Superior Court affirmed his judgment of sentence on December 20, 2000. Appellant did not seek additional review in the Pennsylvania Supreme Court. Thus, his judgment of sentence became final at the expiration of the thirty-day appeal period for seeking this review in our Supreme Court, on January 19, 2001. ***See***

- 9 -

*Commonwealth v. Rojas*, 874 A.2d 638, 643 (Pa. Super. 2005) ("Appellant's judgment of sentence became final for PCRA purposes […] when the thirty-day appeal period expired for seeking review with our Supreme Court."). Accordingly, Appellant had one year from the date in which his sentence became final, or until January 19, 2002, to file a timely petition. The petition under review was docketed on November 27, 2023, making it patently untimely.

Appellant cites the newly-discovered fact exception. 42 Pa.C.S. § 9545(b)(1)(ii).

> Generally, to obtain merits review of a PCRA petition filed more than one year after the sentence became final; the Appellant must allege and prove at least one of the three timeliness exceptions. *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii). The Appellant must allege and prove:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>
>> (ii) the facts upon which the claim is predicated were unknown to the Appellant and could not have been ascertained by the exercise of due diligence; or
>>
>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> 42 Pa.C.S. § 9545(b)(1)(i)-(iii).

- 10 -

***Id.*** (cleaned up) (emphasis added). Further, any petition invoking a timeliness exception under this section "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Appellant first claims that he is not required to meet the timeliness requirement because his issue involves a fraud upon the court. This argument has been made, and rejected, in the past. ***See Commonwealth v. Gay***, 1319 EDA 2022, 2022 WL 13711870, *3 n.2 (Pa. Super., filed October 24, 2022) (unpublished memorandum) (noting that the PCRA does not confer authority upon the courts to fashion *ad hoc* equitable exceptions to the PCRA's time bar, even when a claim of fraud upon the court has been raised).

The "newly discovered fact" asserted by Appellant in his petition is that the pathologist in his case, Dr. Leon Rozin, formerly of the Allegheny County Coroner's Office, filed a motion seeking to expunge a prior conviction in 2024. Appellant claims he filed his PCRA petition within one year of his discovery of Dr. Rozin's motion to expunge. Notably, Appellant does not provide a complete history of Dr. Rozin's case.

Dr. Rozin was charged with mail fraud in federal court in 2006, connected to milage reimbursement requests made in counties outside of his place of employment, Allegheny County, and related to work he had completed in a private capacity. *See* Trial Court Opinion, 6/30/25, at 2-3. After the doctor completed a pre-trial diversionary program, the federal prosecutor dismissed the indictment against him on June 1, 2007. As noted

by the Commonwealth, the case involving Dr. Rozin was highly publicized. *See* Commonwealth's Brief at 32.

Appellant claims that he has established a "newly discovered fact" such that his petition may be considered timely under 42 Pa.C.S. § 9545(b)(1)(ii). To invoke the newly-discovered fact exception, Appellant must establish that "(1) the facts upon which the claim was predicated were unknown and (2) they could not have been ascertained by the exercise of due diligence." ***Commonwealth v. Mickeals***, 335 A.3d 13, 21 (Pa. Super. 2025). The facts must truly be newly-discovered, and not merely be a newly-discovered or newly-willing source which corroborates previously known facts or previously raised claims. ***Id.*** "Due diligence demands that the Appellant take reasonable steps to protect his own interests; [thus,] a Appellant must explain why he could not have learned the new facts earlier with the exercise of due diligence." ***Id.*** (citation and internal quotation marks omitted). Finally, the "fact" on which the Appellant predicates his claim of an exception to the time-bar must bear some logical connection to a plausible claim for relief. ***Commonwealth v. Myers***, 303 A.3d 118, 122 (Pa. Super. 2023).

Appellant provides no evidence and presents no argument as to why he was unable to raise any claim regarding Dr. Rozin sooner. The date when charges were filed against Dr. Rozin is the relevant fact here, not his latter-filed request to expunge it. More importantly, however, Appellant utterly fails to explain how the pathologist's submission of false milage reimbursement requests, the substantive fraud that was alleged to have occurred, is it at all

relevant to Appellant's trial – where Dr. Rozin's testimony was limited to evidence of the victim's wounds and autopsy. N.T., 4/20-23/99, at 82-89. In addition to the fact that Dr. Rozin's case commenced in 2006, this lack of relevance to Appellant's case also defeats a finding of newly discovered evidence to satisfy Appellant's timeliness requirement. *See Commonwealth v. Shannon*, 184 A.3d 1010, 1017 (Pa. Super. 2018) (concluding that the newly discovered evidence exception to the PCRA time bar was not met where the appellant failed to establish any connection between the alleged new evidence and his case).

Further, Dr. Rozin's case began in 2006 and was a matter of public record, gathering much publicity.[6] Appellant offers no explanation as to why he could not discover this information when it occurred, or at any time in the intervening 19 years, through reasonable effort. Our focus here in determining the timeliness of Appellant's claim rests on when the claim could have been presented, not when Appellant subjectively became aware of it. *See Myers*, *supra*, 303 A.3d at 122-23 (holding that a Appellant failed to establish the newly discovered fact exception to the PCRA timeliness

_____

[6] While we acknowledge that no valid *presumption* applies to *pro se* PCRA Appellants that information which is of public record cannot be deemed "unknown" for purposes of the newly discovered facts exception, to obtain the benefit of the newly discovered fact timeliness exception, the PCRA Appellant must still establish that the facts were unknown to him and that the facts could not have been ascertained by the exercise of due diligence. *See Commonwealth v. Burton*, 158 A.3d 618 (Pa. 2017) (eliminating any public record presumption with regard to facts contained in a public record for incarcerated individuals, but maintaining the traditional test regarding the timeliness exception for newly-discovered facts).

requirement when he did not raise a claim related to the criminal conviction of his trial judge until five and one-half years after his sentencing; our Court found that Appellant had not acted with due diligence in discovering the facts upon which his claim was predicated). Appellant has failed to plead and prove that he acted with due diligence as required by 42 Pa.C.S. § 9545(b)(1)(ii). For the reasons set forth above, we conclude that Appellant has not proven an exception to the timeliness requirement.

As his final claim, Appellant maintains that the Commonwealth violated the dictates of **Brady v. Maryland**, 373 U.S. 83 (1963) and **Napue v. Illinois**, 360 U.S. 264 (1959) when the Commonwealth did not provide a witness statement before trial and when homicide detective Thomas Foley testified that Appellant has several outstanding warrants for his arrest. Appellant argues that Detective Foley lied, placing him in a false light, as the only warrants at the time were related to the case at bar. Essentially, Appellant maintains that the Commonwealth had a duty to correct Detective Foley's misstatements at his trial. However, Appellant fails to acknowledge that "a **Brady** claim may not be addressed on its merits until a PCRA Appellant establishes that he timely filed his petition." **Commonwealth v. Hardy**, 832 & 835-37 EDA 2019, 2021 WL 688877, *6 (Pa. Super. filed February 23, 2021) (unpublished memorandum). Appellant makes no argument herein regarding the timeliness of his final claim. We thus have no jurisdiction to consider Appellant's issues regarding **Brady** or **Napue**. Appellant's PCRA petition is

- 14 -

untimely, as he has failed to demonstrate the applicability of an exception to the timeliness requirements.

Finding no error in the PCRA court's conclusion that the PCRA petition filed in the instant case was untimely, we affirm the order denying PCRA relief.[7]

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 03/17/2026

---

[7] Based upon our disposition herein, we deny Appellant's Application for Reconsideration to File Notice of Appeal, filed June 16, 2025, as moot.

- 15 -